**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICHARD ANTHONY BREWER, | No. 10-16980 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00382-GEB-GGH |
| v. | |
| D. L. RUNNELS, Warden; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for Maryland, sitting by designation.

1

Richard Anthony Brewer ("Brewer") appeals the district court's denial of his 28 U.S.C. § 2254 petition. Reviewing de novo, *see Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010), we affirm.

Brewer claims that his rights to due process and the effective assistance of counsel were violated when the state trial court excluded him from an in camera hearing regarding a potential conflict with his trial counsel and did not inform him of the essential facts disclosed in the hearing. Although Brewer waived the potential conflict before the state trial court, he now contends that the waiver was invalid because he was not fully informed.

The California Court of Appeal affirmed Brewer's convictions and rejected Brewer's claims of denial of effective assistance of counsel and due process. The state appellate court held that the trial court's inquiries into the potential conflict and waiver were adequate, and that Brewer received effective assistance of counsel at all times.

The federal magistrate judge, considering Brewer's § 2254 petition prior to the decision in *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (2011), held an evidentiary hearing to determine whether Brewer had been contemporaneously aware of the essential facts that had been discussed in camera. Based upon that hearing, the magistrate judge found that Brewer had sufficient knowledge at the

2

time of the in camera hearing such that he knowingly waived the potential conflict, and therefore, the waiver was valid. The magistrate found no cognizable prejudice, and he recommended that the district court deny Brewer's § 2254 petition. The district court adopted the magistrate judge's findings and recommendations and denied the § 2254 petition.

The Supreme Court stated in *Cullen v. Pinholster*, 131 S. Ct. at 1398, that "review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Thus, the magistrate judge erroneously had conducted an evidentiary hearing. That error, however, was harmless because we can, and shall, review the district court's ultimate determination, as directed by the Supreme Court, on the record that was before the state court.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 2254 limits a federal court's power to grant habeas relief to a state prisoner. Under § 2254(d)(1), a federal court shall not grant relief with respect to "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." "Clearly established Federal law" under

3

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 787 (2011).

Reviewing the record that was before the California Court of Appeal, *see Pinholster*, 131 S.Ct. at 1398, we hold that the state appellate court did not reach a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state appellate court's conclusion that Brewer had made a valid informed waiver of a potential conflict of counsel and that, even if the waiver were unintelligent, or invalid, there was no adverse effect on the outcome of Brewer's trial, comports with controlling Supreme Court precedents. *See Mickens v. Taylor*, 535 U.S. 162, 166 (2002); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *Holloway v. Arkansas*, 435 U.S. 475, 481 (1978); *Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938).

4

Accordingly, we affirm the district court's denial of Brewer's § 2254 petition.

**AFFIRMED.**